IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | |
| : | NO. 09-567 |
| DERICK ANTONIO TAYLOR : | |

## **MEMORANDUM**

On March 2, 2010, after two days of testimony, a jury found Defendant guilty of being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The jury also found Defendant not guilty of possession with the intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), possession with intent to distribute cocaine base within 1,000 feet of a school in violation of 21 U.S.C. § 860(a), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). After the verdict was recorded, the Court scheduled sentencing for June 1, 2010. On March 8, 2010, Defendant filed a Post-Trial Motion for Judgment of Acquittal Pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure (Doc. No. 48) asserting that the evidence presented at trial was insufficient to support the conviction. The Motion states that transcripts of the trial had been ordered and are expected to be received within thirty days. Defendant requested the opportunity to supplement his Motion and provide a memorandum of law within a reasonable time after receipt of the transcripts.

Late in the afternoon of May 24, 2010, Counsel for Defendant faxed a letter to the Court requesting that the sentencing hearing scheduled for June 1, 2010, be continued. The reason given for the request is that Counsel needs additional time to prepare a memorandum in support of his post-trial motion. The letter indicates that Counsel is privately retained and has not

received sufficient funds to obtain the notes of testimony of the trial. Counsel advises that once he receives the notes of testimony he "will promptly file a motion for new trial."

Initially we note that the trial testimony in this case was very brief. The Government's witnesses were presented in less than a day and a half. Defendant's witnesses were presented in approximately two hours.[1] We also note that transcripts of the testimony of the defense witnesses, the closing statements of Counsel, the charge of the Court, and the questions and verdict of the jury have been available on the Court's ECF System for all to see and copy since April 22, 2010. Finally, we are advised that as of today Counsel for Defendant has had no contact whatsoever with the court reporter who would prepare the trial transcripts for the first two days of trial. No request has been made to the court reporter or to this Court for a transcript of the testimony of the Government's witnesses.

In addition, Defendant contends that the evidence was insufficient to support his conviction for being a convicted felon in possession of a firearm. During the trial it was stipulated that the firearm was a functional firearm as defined by the statute (*see* Ex. G-45), that Defendant was a convicted felon (*see* Ex. G-46), and that the firearm had traveled in interstate commerce (*see* Ex. G-47). The only issue that the jury had to decide was whether Defendant was in possession of the firearm. The determination of this issue depended entirely on the jury's assessment of the credibility of the witnesses. Defendant testified that he was not holding the

---

[1] Jury selection began on the morning of February 22, 2010. On the afternoon of February 22 the jury heard opening statements of Counsel and several Government witnesses. The Government presented the balance of its witnesses on February 24. The Court did not sit on February 23, February 25, and February 26. The jury returned on Monday, March 1, 2010. Defendant's witnesses were presented on the morning of March 1, 2010. After closing statements and the charge of the Court on the afternoon of March 1, 2010, the jury began its deliberations. The jury returned its verdict on the following day, March 2, 2010.

firearm in question when the police entered his store.  The police officer testified that when he entered the store and announced his presence, Defendant was standing near the back of the store on a tile floor; that he saw Defendant drop something; that the officer heard the sound of metal striking the tile floor, that Defendant then snuck out of the back door; and that when the police went to where the Defendant had been standing there was a firearm on the floor.  Obviously the jury rejected the Defendant's testimony and believed the testimony of the police officers, concluding that Defendant was in possession of the firearm.

Federal Rule of Criminal Procedure 29(c)  gives defendants 14 days to file a motion for judgment of acquittal.  Rule 47.1 of the Local Criminal Rules for the United States District Court for the Eastern District of Pennsylvania states that "[p]ost-trial motions for a judgment of acquittal, new trial or an arrest of judgment pursuant to Rule 29, 33 and 34, Federal Rules of Criminal Procedure shall be supported by memoranda filed within the time provided by such rules, or such additional time as the Court shall allow." *See United States v. Grant*, No. 04-749-01, 2006 WL 2788222, at *2-3 & n.4 (E.D. Pa. Sept. 19, 2006) (refusing to address defendant's Rule 34 motion for failure to comply with Local Criminal Rule 47.1).  There is nothing in the Federal Rules or the Local Rules that requires that a transcript be ordered before a post-trial motion can be heard.  Defendant was found guilty by a jury on March 2, 2010.  He filed a Rule 29 Motion on March 8, 2010.  Defendant has not filed a memorandum in support of his Rule 29 Motion as required by Local Criminal Rule 47.1.  It has been almost three months since Defendant's conviction, and Defendant's sentencing hearing is scheduled for June 1, 2010.  Defendant's Rule 29 Motion is denied for failure to comply with Local Rule 47.1.  The Motion is also denied because the Government's evidence was more than sufficient to support the

conviction.

An appropriate Order follows.

BY THE COURT:

R. Barclay Surrick, J.