IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

CR-NO-09-567

UNITED STATES OF AMERICA

V.

DERRICK ANTONIO TAYLOR

OBJECTION BRIEF

Mr. Taylor, in objection, would announce that, absent the residual clause his sentence is void, and under, Alleyne, his sentence under the ACCA is void, and hereafter, represent:

Mr. Taylor, objection to the Goverment's invitation, is positioned through the principle of, <u>Staples v. United States</u>, 511 U.S. 600, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994), which addressed a federal statute criminalizing the possession of an unregistered machine gun, the Court conveyed:

> while the federal statute contained no express mens rea requirement, the defendant claimed he was unaware the rifle he owned had been modified to fire automatically, and argued such knowledge was necessary to convict him under the statute. id. at 603, 114 S.Ct. 1793
> The Court, examined whether Congress intended the statute to impose strict liability as to defendant's knowledge of the rifle's capability to fire automatcally.
> The Court mens rea requirement was traditionally required in criminal statutes; strict liability offenses are generally disfavored, and some indication of congressional intent to impose strict liability is required to dispense with mens rea. Id. at 605-06, 114 S.Ct. 1793.
> In holding mens rea was required, the Court emphasized two factors. First the heavy penalty...and knowledge, the nature of prohibited conduct...because Congress had not intended to impose strict liability, the Court held, mens rea was required for conviction. id at 619.

The Government, would have this Honorable Court, corrupt its jurisprudential values, and legislate from the bench, introducing a new vagueness, a new aggravated offense.

However, if this Honorable Court were to find some aspect of the Governments position persuasive, Mr. Taylor, would challenge the ACCA statute, and those prior convictions under, <u>Alleyne v. United States</u>, 570 U.S.__(2013), who announced that sentencing factors created a new aggravated offense.

According to, <u>INS v. Chadha</u>, 103 S.Ct. 2764, 462 U.S. 919 (1983), once injury in fact is demonstrated and a substantial likelihood that the judicial relief requested will prevent or redress the claimed injury, the matter can be heard, accord:

1

Ex parte Young, 28 S.Ct. 441, 209 U.S. 123 (U.S. Minn. 1908), a federal court, in which is first raised the question of the validity, under federal law/constitution of a state statute, has the right to decide that question to the exclusion of the state court[s].

The ACCA definition of a violent felony, has three parts, (1) if it has an element the use, attempted use, or threatened use of physical force against the person of another; (2) specify four felonies, burglary, arson, extortion and offense with explosives; and the defunct residual clause.

§924(e)(2)(B)(ii), specifically names the four categories of qualifying felonies, reflecting strict liability upon those terms, here, Mr. Taylor, has a prior conviction for, conspiracy to commit robbery, drug trafficking and a third degree murder, none of which are enumerated in the §924(e)(2)(B)(ii), thus absent the residual clause, his sentence is void.

It is not only the improper posture of the Government, but Mr. Taylor, is contending that his sentence is void, absent the residual clause.

Mr. Taylor, would further object, contending continued application of the ACCA, would be void for vagueness, first, the remainder of the Act stands beyond the Congressional original intent, specifically, (1) §924(e)(2)(i), if it has an element the use, attempted use, or threatened use of physical force against the person of another; absent the residual clause, would require men of common intelligence to guess at its meaning and differ toward its application, comparable to the Government posture, violating the first essentials of due process law. accord, Johnson:

2

>a statute is thus void for vagueness only if it wholly fails to provide a person of ordinary intelligence fair notice of what is prohibited, or so standardless that it authorizes or encourages seriously discriminatory enforcement. **United States v. Williams**, 553 U.S. 285, 304 (2008).
>The bar is even higher for sentencing provisions. The fair notice concerns that inform our vagueness doctrine are aimed at ensuring that a person of ordinary intelligence has reasonable opportunity to know what is prohibited, so that he may act accordingly...slip opp. p7

Such context, effectuates Mr. Taylor, position, absent the residual clause, a defendant of common intelligence would guess at the meaning of what is prohibited, as the Government, have fully demonstrated.

In the alternative, Mr. Taylor, would challenge the ACCA under Alleyne, and move through the precepts of, <u>Montgomery v. Louisianna</u>, 577 U.S.__(2016), who set precedent, clarifying for the first time the proper application of the first exception set forth in Teague, eroding settled expectations of prior conventions toward its application, and announced that:

>The Court now holds that when a new substantive rule of constitutional law controls the outcome of a case, the Constitution requires state collateral review courts give retroactive effect to that rule.
>Teague's conclusion establishing the retroactivity of new substantive rules is best understood as resting on constitutional premises. That constitutional command is, like all federal law, binding on state courts.
>This holding is limited to Teague's first exception for substantive rules...regardless of when the conviction became final.

The **Montgomery** Court, clarified for the first time, the litmus to determine a new substantive rule of constitutional law as those exceptions announced through, <u>Penry v. Lynaugh</u>, 492 U.S. 302, 330 (1989), that, the first exception set forth in Teague should be understood to cover not only rules forbidding criminal

3

punishment of certain primary conduct but also rules prohibiting a certain categorical punishment for a class of defendants because of their status or offense. 492 U.S. at 330.

The **Montgomery** Court, identifies, that the first Teague exception to determine a new substantive rule of constitutional law as, the two clauses embodied by **Penry v. Lynaugh**, (1) criminal punishment of certain primary conduct; (2) certain categorical punishment for a class of defendants because of status or offense.

As an initial matter, Mr. Taylor, urges consideration of the fact that when, <u>**Apprendi, v. New Jersey**</u>, 530 U.S. 466, 120 S.Ct. 2348 (2000), and its progeny, <u>**Blakely v. Washington**</u>, 124 S.Ct. 2531 (2004), were announced, their announcements held that they did not apply to indeterminate sentencing schemes like Pennsylvania, and those states with similar schemes, and were, thus, non-retroactive, because they did not change criminal procedure in the United States, based soley on the principle of indeterminate sentencing.

Pennsylvania's Mandatory Minimum Sentencing Act, Title 42 Pa.C.S.A.§§, Subchapter B, provisions were enacted March 8, 1982, and several Judges of the Courts of Common Pleas, held the Act unconstitutional, resulting in, <u>**McMillan v. Pennsylvania**</u>, 477 U.S. 79, 86 (1986), who constitutionalized the Act, "conversion of elements of an offense into "sentencing factors."

**Alleyne**, in overruling **Harris**, announced that **McMillan**, was erroneous and bad law, and overruled it, **McMillan**, which was not the primary target of **Alleyne**, but was the primary point of

4

departure from stare decisis, not only the predictable development, but complete erosion, of most of those principles of law applied by the prospect of, **Apprendi**, especially those concerning retroactivity, of **Alleyne**.

For such, Mr. Taylor, urges reconciliation with the fact that **McMillan**, was a bedrock decision, that changed criminal procedure in the United States, which, herald, the constitutionality, of "converting elements of an offense into sentencing factors," and set the paradigm for Mandatory Minimum Sentencing, in the United States.

Courts have held, that **Alleyne**, is an extension of **Apprendi**, which was decided under the Fourteenth & Sixth Amendment, thus, part substantive and procedural, which did not apply retroactively, because it could not apply to indeterminate sentencing schemes, however, **Alleyne**, applies to all sentencing schemes, and as for those prospects against retroactivity based upon **Apprendi** prior failure, are misplaced, because **Alleyne**, proffers a defacto retroactive effect, demonstrated by states like Pennsylvania, who were protected under, **McMillan**, and now under the grip of **Alleyne**.

It is thus, the absence of **McMillan**, that has changed criminal procedure in those states with indeterminate sentencing schemes, and the turning point in the predictable development of mandatory minimum sentencing, thus, a watershed rule of **Alleyne**.

Under the first clause (1), **Alleyne**, announced that sentencing factors "created a new aggravated offense," thus, identifying, primary conduct, a new substantive offense.

Under the first clause, Mr. Taylor, would contend that under, **Alleyne**, the Court has lost the constitutional authority to link punishment to primary conduct, and therein voiding any continued aqpplication of a sentence against him.

1 Wayne R. LaFave, Substantive Criminal Law §1.2(d), at 17 (2003), announce a, crime is made of two parts, forbidden conduct and a prescribed penalty. The former without the latter is no crime.

Mr. Taylor, positions, that absent statutory authority to link punishment to primary conduct, the former without the latter is a nullity, a statute void cannot stand as law, **Marbury**, 1 (Cranch 37), absent the residual clause the ACCA is void.

The second clause (2) prohibits certain categorical punishment for a class of defendants because of their status or offense.

The ACCA, targets offenders based on their status as prior convicted felons, however, absent the residual clause of ACCA, that target is forbidden, thus, there is no nexus between the crime Mr. Taylor was tried for and the categorical aggravated punishments of the ACCA.

The **Alleyne**, Court announced that sentencing factors, in effect, were, new aggravated offenses, and therein, identified primary conduct, a substantive rule, <u>Ring v. Arizona</u>, 122 S.Ct. 2438, 536 U.S. 584 (2002), who has defacto application and, explains:

> if the legislature defines some core crime and provide for increasing the punishment of that crime upon some aggravating fact. That core crime and the aggravating fact is an element of an aggravating crime.

It is upon these principles Mr. Taylor, would rely upon in

6

objection to the Goverment invitation, and herein, preserve his standing to challenge his prior convictions, under **Alleyne**, to the exclusion of the state, which is supported under Rule 15(c) Amendment, and Third Circuit, FRAP. 44(B), standing.

Wherefore, Mr. Taylor, prays for that relief that law and justice require.

DATED: Aug. 20, 2016                                       RESPECTFULLY SUBMITTED

                                                                                      /s/ Derek Taylor

## CERTIFICATE OF SERVICE

I, DERRICK ANTONIO TAYLOR, HEREBY CERIFY THAT I AM THIS 20th DAY OF AUG. 2016, SERVING LEGAL DOCUMENTS UPON THE PARTIES AS LISTED BELOW:

SERVICE BY FIRST CLASS MAIL. POSTAGE PRE-PAID:

CLERK OF THE COURT
ONE (1) ORIGINAL

ASS. ATT'Y. GEN.
ONE (1) COPY

DATED: Aug. 20, 2016

DERRICK ANTONIO TAYLOR, CY2480
1000 FOLLIES RD.
DALLAS, PA. 18612