

U.S. Department of Justice

*615 Chestnut Street*
*Suite 1250*
*Philadelphia, Pennsylvania 19106-4476*
*(215) 861-8200*

February 20, 2018

**Via ECF**

Hon. R. Barclay Surrick
United States District Judge
8614 U.S. Courthouse
601 Market Street
Philadelphia, PA  19106-1797

    Re:    United States v. Derick Antonio Taylor, No. 09-567

Dear Judge Surrick:

    This case presents one of the numerous habeas matters triggered by the Supreme Court's 2015 decision in *Johnson.* After more than two years of litigation, it appears that most of the recurring issues presented in these cases are currently pending before the Third Circuit or have been resolved. We write to advise the Court of legal developments related to the pending 2255 motion in this case.

    In this matter, defendant Derick Antonio Taylor seeks relief under 28 U.S.C. § 2255, asserting that he was incorrectly sentenced under the Armed Career Criminal Act. He asserts that, following the invalidation of the "residual clause" in the definition of "violent felony" in ACCA, in *Johnson v. United States*, 135 S. Ct. 2551 (2015), he no longer has a sufficient number of predicate convictions to qualify for sentencing under ACCA. The government filed its response on November 16, 2015, and filed a supplemental response on August 4, 2016.

    Whether Taylor qualifies as an ACCA recidivist turns on whether his prior conviction for third-degree murder under Pennsylvania law is a "violent felony" under the "elements clause" in ACCA. That question in turn depends on whether reckless conduct may amount to the "use" of force, for purposes of the elements clause. This issue has recently been briefed and argued to the Third Circuit, in *United States v. Icxandro Santiago*, No. 16-4194 (argued Dec. 11, 2017), and

Letter to Court
February 20, 2018
Page 2


*United States v. Marc Harris* (argued Jan. 31, 2018). We will advise the Court when decisions are reached in these cases.

To date, four Circuit Courts have held that reckless conduct can constitute the requisite use of force under ACCA and the identical elements clause in U.S.S.G. § 4B1.2. *See United States v. Mendez-Henriquez,* 847 F.3d 214, 221-22 (5th Cir. 2017); *United States v. Verwiebe,* 874 F.3d 258, 264 (6th Cir. 2017); *United States v. Fogg,* 836 F.3d 951 (8th Cir. 2016); *United States v. Pam*, 867 F. 3d 1191, 1207-08 (10th Cir. 2017). One appellate court disagrees. *See United States v. Windley,* 864 F.3d 36 (1st Cir. 2017) (adopting the reasoning of *Bennett v. United States*, 868 F.3d 1, *withdrawn and vacated as moot*, 870 F.3d 34 (1st Cir. 2017)). *See also United States v. Benally*, 843 F.3d 350, 354 (9th Cir. 2016) (finding it unnecessary to reach this issue but acknowledging that its precedent holding that recklessness was not a sufficient mens rea under the elements clause in Section 16(b) was in tension with *Voisine*, as the latter "suggested the opposite").

Please advise if the Court wishes any further information regarding this matter at this time.

                                            Respectfully yours,

                                            LOUIS D. LAPPEN
                                            United States Attorney


                                            */s Robert A. Zauzmer*
                                            ROBERT A. ZAUZMER
                                            Assistant United States Attorney
                                            Chief of Appeals


                                            */s Bernadette McKeon*
                                            BERNADETTE McKEON
                                            Assistant United States Attorney

cc:    Mr. Derick Antonio Taylor
        No. 64224-066
        FCI Fort Dix
        P.O. Box 2000
        Joint Base MDL, NJ  08640